IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States District Court
Southern District of Texas
FILED

SEP 11 2024

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| BARBARA DENNIS, | § § § § | |
| Plaintiff, | | |
| v. | § § § | Civil Case No. 7:23-cv-00397 |
| PHH/OCWEN LOAN SERVICING LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY, DOES 1-100., | § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Plaintiff Barbara Dennis and files this Amended Complaint and alleges the following:

### INTRODUCTION

1. This is a civil action filed by Plaintiff Barbara Dennis against PHH Mortgage Corporation ("Defendant" or "PHH") for alleged misconduct related to its servicing of her single-family residential mortgage. The property is located at 3309 San Andres, Mission, Texas. 78572.

2. As described in the allegations below, Defendant misconduct resulted in premature and unauthorized foreclosure, violation of homeowner's rights and protections, and the use of false and deceptive affidavits and other documents.

### THE PARTIES

3. This action is brought by Plaintiff Barbara Dennis under 12 U.S.C. §§ 5531, 12 U.S.C. §§ 5531(a), 12 U.S.C. §§ 5536, 12 U.S.C. §§ 5536(a), and 12 U.S.C. §§ 5481(6), which prohibit unfair, deceptive, or abusive acts or practices, or other

violations of Federal consumer financial law, by any covered person or service provider. Plaintiff is also authorized to bring this action pursuant to consumer protection enforcement authority conferred on her by Texas state law and pursuant to parens patriae and common law authority. Plaintiff is authorized to seek injunctive relief, restitution for Plaintiff and civil penalties for violation of the consumer protection laws of Texas and the CFPA.

4. PHH is a corporation (worth approximately $9 billion) that provides residential mortgage origination and servicing services. It has its principal place of business in Mount Laurel, New Jersey. PHH transacts or has transacted business in Texas and throughout the United States.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

5. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because: (1) there is complete diversity between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000 exclusive of interests and costs.

6. Complete Diversity Exists.

   A. There is complete diversity between Plaintiff and Defendant.

   B. Plaintiff is a Citizen of Texas.

   (1) Plaintiff is an individual living in Texas. Plaintiff specifically alleges that she is a resident of Hidalgo County, Texas, living at the Property. Pet. Ex.A-1, ¶ 2. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996). Upon information and belief, Plaintiff has no intention of leaving Texas and Plaintiff does not plead any

such intention in her Petition. Thus, for diversity purposes, Plaintiff's domicile is in Texas, and therefore, Plaintiff is a citizen of Texas.

        C.      Defendant PHH MC is a Citizen of New Jersey.

            (1)      Defendant PHH is a citizen of New Jersey for purposes of diversity jurisdiction. PHH is a corporation. When considering diversity of citizenship, "a corporation shall be deemed to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. See Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). PHH is incorporated in New Jersey and has its principal place of business in New Jersey. Therefore, PHH is a citizen of New Jersey for diversity purposes. See Bohannon v. PHH Mortg. Corp., 665 F. App'x 760, 761 n.2 (11th Cir. 2016) (holding that PHH is a citizen of New Jersey).

        D.      Defendant Deutsche Bank is a Citizen of California.

            (1)      Defendant Deutsche Bank is a national banking association acting as a trustee of a trust. For diversity purposes, the citizenship of a trust is determined by the citizenship of the trustee when suit is filed against the trustee. Navarro Savings Ass'n v. Lee, 446 U.S. 458, 464-66 (1980); see SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n, 881 F.3d 933 (5th Cir. 2018) (holding that because defendant was sued in its capacity as trustee and trustee is a national banking association, Navarro rule applies). Deutsche Bank is a national banking association with its main office in California, as specified in its Articles of Association. For diversity purposes, a national banking association is a citizen of the state designated in its Articles of

Association as its main office. Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). Accordingly, Deutsche Bank is a citizen of California for purposes of diversity jurisdiction.

    B.  Amount in Controversy is Met.

    (1)  Plaintiff seeks declaratory and injunctive relief to stop a foreclosure and ultimately restrain Defendants from removing Plaintiff from the Property. Pet. Ex.A-1, ¶ 3. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation. Farkas v. GMAC Mortg., LLC, 737 F.3d 338, 341 (5th Cir. 2013). When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy. Id. According to the Hidalgo County Appraisal District the property at issue has a tax appraisal value of $294,197. See Hidalgo County Appraisal District – 2023 Valuation, Exhibit B. It is appropriate for the court to take judicial notice of the Hidalgo County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Hidalgo County Tax Appraisal District—cannot reasonably be questioned. See Funk v. Stryker, 631 F.3d 777, 783 (5th Cir. 2011). Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000.00.

## VENUE IS PROPER IN THIS COURT

7.  Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. The Action was commenced in the 139th Judicial District Court of Hidalgo County, Texas on

November 3, 2023. This Court embraces the 139th Judicial District Court of Hidalgo County, Texas, the state court in which the action is now pending. 28 U.S.C. §§ 1391 and 1441(a).

## THE MORTGAGE SERVICING INDUSTRY

8. The single-family mortgage servicing industry consists of financial services and other firms that service mortgages for residential properties designed to house one to-four family dwellings.

9. For more than thirty years, mortgages typically have been "pooled" to create an investment vehicle, often denominated as a trust, and interests in the trusts have been sold to investors that own interests in payment streams generated by principal and interest payments by the borrowers.

10. A "servicer" is responsible for mortgage administration activities, known as servicing activities, which generally include collecting payments from mortgagors; applying payments made in an agreed-upon order to the mortgagor's indebtedness; distributing payments after allowable deductions to the investment trust entities for distribution to investors; making advances to cover delinquent mortgage payments and other costs, such as the costs of protecting and maintaining properties that collateralize mortgage loans when mortgagors fail to do so; pursuing collections from delinquent mortgagors; and pursuing either loss mitigation or foreclosure, as appropriate, to minimize the loss to investors and others when mortgagors become delinquent on mortgage payments.

11. A servicer who does not originate a mortgage loan may become the servicer by purchasing the "mortgage servicing rights" or by entering into a contract with

the "master servicer" to act on its behalf as "subservicer." Such transfers can occur at various stages of repayment of the mortgage, including where the borrower is delinquent in payments and may seek loss mitigation assistance from the servicer to avoid foreclosure on the loan.

## PHH'S MORTGAGE SERVICING MISCONDUCT

12. PHH services and subservices home mortgage loans secured by a residential property owned by the Plaintiff, an individual person of Texas.

13. PHH is a "covered person" engaged "in offering or providing a consumer financial product or service," as those terms are defined in the CFPA, and is subject to the CFPA's prohibition on unfair, deceptive and abusive acts or practices. 12 U.S.C. §§ 5481(6), 5531, and 5536(a).

14. PHH is engaged in trade or commerce in Texas and is subject to the consumer protection laws of Texas in the conduct of their debt collection, mortgage servicing, loss mitigation and foreclosure activities. The consumer protection laws of Texas include laws prohibiting unfair or deceptive acts or practices.

15. PHH personnel frequently interact with borrowers who are delinquent or are at risk of becoming delinquent on their mortgage loans, who have complaints or inquiries about their mortgages, or who require loss mitigation assistance.

16. PHH regularly reviews mortgage loans for potential loss mitigation or loan modification options, and conducts or manages foreclosures.

17. In certain instances in the course of its mortgage servicing activities during the period from March 15, 2020, to November 2023, PHH engaged in the following acts and practices:

      a.     failing to timely and accurately apply payments made by certain borrowers and failing to maintain accurate account statements;

      b.     charging unauthorized fees for default-related services;

      c.     threatening foreclosure and conveying conflicting messages to certain borrowers engaged in loss mitigation;

      d.     failing to properly respond to certain borrowers' complaints and reasonable requests for information and assistance;

      e.     failing to properly process borrowers' applications for loan modifications, including failing to account for and retain loss mitigation documents submitted by borrowers;

      f.     failing to maintain complete loan servicing files;

      g.     failing to maintain adequate documentation to determine whether PHH had standing to foreclose;

      h.     failing to properly oversee third party vendors retained for servicing and foreclosure operations, including third party vendors responsible for preparing, reviewing, and executing foreclosure documents;

      i.     preparing, executing, notarizing, and presenting documents with incorrect or incomplete information with courts and government agencies, or otherwise using incorrect or incomplete documents as part of the foreclosure process (including, but not limited to, affidavits, declarations, certifications, substitutions of trustees, and assignments);

      j.     preparing, executing, notarizing, and filing affidavits in foreclosure proceedings, whose affiants lacked personal knowledge of the assertions in the

affidavits and did not review any information or documentation to verify the assertions in such affidavits; and

   k. failing to maintain a comprehensive process for the preparation, execution, and notarization of certain documents that are part of the foreclosure process including, but not limited to, affidavits, declarations and certifications.

### COUNT I

### VIOLATIONS OF STATE LAW PROHIBITING UNFAIR AND DECEPTIVE CONSUMER PRACTICES WITH RESPECT TO LOAN SERVICING

  18. The allegations in paragraphs 1 through 17 above are incorporated herein by reference.

  19. The loan servicing conduct of PHH, as described above, constitutes unfair or deceptive practices in violation of the consumer protection laws of Texas.

  20. PHH's unlawful conduct has resulted in injury to the Plaintiff who has had her home loan serviced by PHH. The harm sustained by Plaintiff includes payment of improper fees and charges, misapplication of payments, dual tracking activity, and loss of home (temporarily) due to improper, unlawful, or undocumented foreclosures. The harm to the Plaintiff includes the subversion of her legal process and the sustained violations of Texas laws. Plaintiff has had to incur substantial expenses in the investigations and attempts to obtain remedies for PHH's unlawful conduct.

## COUNT II

### VIOLATIONS OF STATE LAW PROHIBITING UNFAIR AND DECEPTIVE CONSUMER PRACTICES WITH RESPECT TO FORECLOSURE PROCESSING

21. The allegations in paragraphs 1 through 17 above are incorporated herein by unfair or deceptive practices in violation of the consumer protection laws of Texas.

22. The foreclosure processing conduct of PHH, as described above, constitutes unfair or deceptive practices in violation of the consumer protection laws of Texas.

23. PHH's unlawful conduct has resulted in injury to Plaintiff who has a home loan serviced by PHH. The harm sustained by such citizens includes payment of improper fees and charges, misapplication of payments, dual tracking activity, and loss of home due to improper, unlawful, or undocumented foreclosures. The harm to Plaintiff includes the subversion of her legal process and the sustained violations of Texas laws. Plaintiff has had to incur substantial expenses in the investigations and attempts to obtain remedies for PHH's unlawful conduct.

## COUNT III

### VIOLATIONS OF THE CONSUMER FINANCIAL PROTECTION ACT OF 2010 WITH RESPECT TO LOAN SERVICING

24. The allegations in paragraphs 1 through 17 above are incorporated herein by reference.

25. The loan servicing conduct of PHH, as described above, constitutes unfair and deceptive acts or practices in violation of 12 U.S.C. §§ 5531(a) and 5536.

## COUNT IV

## VIOLATIONS OF THE CONSUMER FINANCIAL PROTECTION ACT OF 2010 WITH RESPECT TO FORECLOSURE PROCESSING

26.     The allegations in paragraphs 1 through 17 above are incorporated herein by reference.

27.     The foreclosure processing conduct of PHH, as described above, constitutes unfair and deceptive acts or practices in violation of 12 U.S.C. §§ 5531(a) and 5536.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff pursuant to 12 U.S.C. §§ 5531, 5531(a), 5536, 5536(a), 5481(6), 5536(a) and the Texas consumer protection laws, respectfully requests that judgment be entered in Plaintiff's favor and against Defendant for each violation charged in the complaint, and request that this Court:

A.      Permanently enjoin Defendant from committing future violations;

B.      Award such relief as this Court finds necessary to redress injury to Plaintiff;

C.      Award such relief as the Court finds necessary to disgorge Defendant of unlawful gains;

D.      Award the Plaintiff the costs of bringing this action; and

E.      Award additional relief as the Court may determine to be just and proper.

Dated: September 10, 2024

Respectfully submitted,

*Barbara Dennis*
Barbara Dennis Pro se

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on September 11, 2024, in compliance with the Federal Rules of Civil Procedure.

Signed this 11th day of September 2024.

*Barbara Dennis*
Barbara Dennis
Plaintiff pro se